UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

HENRY L. WOODRUFF,

Plaintiff,

v.

TAMMY ROSBURG, MAURA RANDALL, TOM YOUNGVORST, ALYCE KNAAK, MARY SCOVILL, PHIL STOLEE, RICK HARRY and DR. ANITA SCHLANK,

Defendants.

Civil No. 02-297 (JMR/FLN)

REPORT AND RECOMMENDATION

---

THIS MATTER has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). The matter is presently before the Court for review of Plaintiff's pro se complaint and application for leave to proceed in forma pauperis ("IFP"). For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Fed. R. Civ. P. 12(h)(3), and that Plaintiff's IFP application be denied.

## I. BACKGROUND

Plaintiff is being detained by the State of Minnesota at the Minnesota State Security Hospital, ("MSSH"), in St. Peter, Minnesota. He is being held there because he has been adjudged to be a "Sexual Psychopathic Personality" and a "Sexually Dangerous Person" under Minnesota law. (Supplemental Complaint, [Docket No. 2], p. 4, ¶ 11.)[1]

---

[1] Plaintiff is not considered to be a "prisoner" for purposes of the IFP statute, (28 U.S.C. § 1915), because he is currently detained pursuant to a civil commitment, and not because he has been accused of, or convicted of, any crime. See 28 U.S.C. § 1915(g); Kolocotronis v. Morgan, 247 F.3d 726 (8th Cir. 2001). Therefore, the fee payment requirements for prisoner IFP applicants, (see 28 U.S.C. § 1915(b)), are not applicable here.

FILED FEB 12 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff alleges that in June 2000, the staff at MSSH announced that the residents' rooms would be searched for contraband videotapes, computer software and computer files. Thereafter, Plaintiff's living quarters were searched, and various items were confiscated, including Plaintiff's computer, videocassette tapes, floppy discs and CDS. (Id., p. 5, ¶ 13.)

A few weeks later, Plaintiff was summoned to appear before a disciplinary panel at MSSH. He was informed that he would punished for possessing "an X-rated video cassette" and "password protected files on his computer." He describes his punishment as being "4 days of Level A punishment." (Id., p. 6, ¶ 18.)

Plaintiff later commenced a lawsuit in the state district court for Nicollet County, Minnesota, claiming that his constitutional rights were violated during the course of the events described above. The Defendants in the state court action were various state employees who allegedly were involved in searching his quarters, confiscating his property, and imposing the "4 days of Level A punishment." Plaintiff sought relief under 42 U.S.C. § 1983, claiming that his Fourth Amendment rights had been violated by the search and seizure of his property, and that his Fourteenth Amendment rights had been violated because he was punished without being afforded the benefits of due process.

The defendants in Plaintiff's state court action brought a motion to dismiss, arguing that Plaintiff had failed to state an actionable § 1983 claim. That motion was granted, and the case was dismissed. Plaintiff appealed, but the Minnesota Court of Appeals agreed that he had no viable § 1983 claim. The Minnesota Supreme Court later denied Plaintiff's request for further review. Woodruff v. Rosburg, No. C7-01-141 (Minn.App. Sept. 18, 2001) 2001 WL 1083662 (unpublished opinion), review denied, Dec. 11, 2001.

In his present lawsuit, Plaintiff is once again seeking relief under 42 U.S.C. § 1983 for alleged violations of his rights under the Fourth Amendment's search and seizure clause and the Fourteenth Amendment's due process clause. He is attempting to sue the same defendants that he sued in his state court action, (Complaint, [Docket No. 1], p. 1, § I.B); he is attempting to bring the same legal claims that he advanced in his state court action; and his claims are based on the same facts and circumstances that he alleged in his state court action.

## II. DISCUSSION

Because Plaintiff's current claims have already been considered and adjudicated by the Minnesota state courts, the Court finds that this action is barred by the Rooker-Feldman doctrine.

> "The Rooker-Feldman doctrine recognizes that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476... (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416... (1923). Instead, federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court. See 28 U.S.C. § 1257; Feldman, 460 U.S. at 486.... Because the Rooker-Feldman rule is jurisdictional, it may be... raised sua sponte. See Doctor's Associates, Inc. v. Distajo, 107 F.3d 126, 137 (2d Cir.1997) [cert. denied, 522 U.S. 948 (1997)]....
>
> The Rooker-Feldman doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions. Thus, a corollary to the basic rule against reviewing judgments prohibits federal district courts from exercising jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court. See Feldman, 460 U.S. at 482 n. 16...; Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1034 (8th Cir.1999); Neal v. Wilson, 112 F.3d 351, 356 (8th Cir.1997)."

Lemonds v. St. Louis County, 222 F.3d 488, 492-93 (8th Cir. 2000), cert. denied, 531 U.S. 1183 (2001).

Simply stated, "[u]nder the Rooker-Feldman doctrine, lower federal courts lack jurisdiction to engage in appellate review of state court determinations." In re Goetzman, 91 F.3d 1173, 1177 (8th Cir.), cert. denied, 519 U.S. 1042 (1996).

The Rooker-Feldman doctrine is clearly applicable here. The claims that Plaintiff is advancing in this case are not just "inextricably intertwined" with his earlier state court claims; it would be more accurate to say that the two sets of claims are wholly indistinguishable. Both actions arose out of the same events; both actions have been brought against the same defendants; both actions are based on allegations of an improper search and seizure and an improper disciplinary proceeding; and both actions seek relief for alleged violations of Plaintiff's federal constitutional rights under the Fourth and Fourteenth Amendments.

It could hardly be more obvious that Plaintiff is asking this federal district court to review and overrule the state court decisions that dismissed his prior state court action. The only federal court that could do that, however, is the United States Supreme Court. Rooker-Feldman prohibits the Minnesota federal district court from re-examining a matter that has been fully adjudicated by a Minnesota state court, (except in habeas corpus proceedings).[2]

---

[2] Even if some subtle difference could be found between Plaintiff's old and new lawsuits, the present action would still have to be dismissed, because the Rooker-Feldman doctrine bars not only the particular claims that actually were litigated in a prior state action, but also other related claims that could have been brought in the prior action. Goetzman, 91 F.3d at 1178 ("the Rooker-Feldman doctrine, like the doctrine of [claim] preclusion, applies to claims which were not brought before the state court but could have been raised in the state court action").

As the Court of Appeals indicated in Lemonds, the Rooker-Feldman doctrine holds that "lower federal courts lack subject matter jurisdiction over challenges to state court judgments." 222 F.3d at 492 (emphasis added). "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Because Rooker-Feldman is applicable here, the present action must be dismissed for lack of subject matter jurisdiction.

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3).

Dated: February 12, 2002

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.